IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAUL CALDERON,<br><br>        Plaintiff,<br><br>vs.<br><br>DONALD J. TRUMP, and PETE RICKETTS,<br><br>        Defendants. | 8:20CV183<br><br>MEMORANDUM AND ORDER |

On May 14, 2020, Plaintiff Raul Calderon, a prisoner currently incarcerated at the Lincoln Correctional Center, filed a Complaint (filing 1), a Motion for Appointment of Counsel (filing 2), and a Motion for Preliminary Injunction (filing 3). Plaintiff failed to include the $400.00 filing and administrative fees with his Complaint so the court ordered him to pay the filing fees or file a motion to proceed in forma pauperis ("IFP") within 30 days. (Filing 7.) The clerk of the court also entered a Text Notice of Deficiency on May 15, 2020, directing Plaintiff to file a signed copy of his Motion for Preliminary Injunction (filing 3) within 15 days or the pleading may be stricken from the record of this case. *See* NECivR 11.1; (Docket Sheet.) On May 26, 2020, Plaintiff paid $350.00 towards his filing fee. On June 15, 2020, Plaintiff filed a Motion for Reimbursement of Filing Fee (filing 8) for the reason that he will be released on August 25, 2020, and will be unable to prosecute this case because he is returning to his home state of California. The court will address each of Plaintiff's motions in turn.

### I. FILING FEE ISSUES

As an initial matter, Plaintiff has failed to comply with the court's previous Memorandum and Order which specifically directed Plaintiff to either pay the court's $400.00 filing and administrative fees or file a motion to proceed IFP.

(Filing 7.) Plaintiff has not filed a motion to proceed IFP and is therefore obligated to pay the $50.00 administrative fee assessed to non-IFP plaintiffs. Thus, Plaintiff's payment of $350.00 is short by $50.00 of the full $400.00 owed to the court. Only if Plaintiff files a motion to proceed IFP, and the court grants the motion, would he be obligated to pay only the $350.00 filing fee. Accordingly, the court will give Plaintiff additional time to either file an IFP motion or pay the additional $50.00 administrative fee. In the absence of either action, the court will dismiss this matter without prejudice and without further notice.

With respect to Plaintiff's Motion for Reimbursement of Filing Fee, the court cannot and will not refund any portion of the filing fee paid in this case. The Prison Litigation Reform Act makes prisoners responsible for their filing fees *the moment* the prisoner brings a civil action or files an appeal, even if the case is dismissed at a later time. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997). Moreover, Plaintiff would be obligated to pay the $350.00 filing fee even if he is permitted to proceed IFP. *See* 28 U.S.C. § 1915(b). Plaintiff's Motion for Reimbursement of Filing Fee (filing 8) is, therefore, denied.

## II. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also filed a motion seeking appointment of counsel. (Filing 2.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.* Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

### III. MOTION FOR PRELIMINARY INJUNCTION

Plaintiff has not corrected the signature deficiency of his Motion for Preliminary Injunction (filing 3) in accordance with the Text Notice of Deficiency entered by the clerk of the court. Upon consideration, the court will strike Plaintiff's motion as it is unsigned and deficient.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **July 17, 2020**, to either pay the remaining $50.00 administrative fee or file a motion for leave to proceed IFP. If Plaintiff fails to take either action, this matter will be dismissed without prejudice and without further notice.

2. Plaintiff's Motion for Reimbursement of Filing Fee (filing 8) is denied.

3. Plaintiff's Motion for Appointment of Counsel (filing 2) is denied without prejudice to reassertion.

4. Plaintiff's Motion for Preliminary Injunction (filing 3) is stricken as it is unsigned and deficient. The clerk of the court shall strike the pleading and terminate the motion event.

5. The clerk of the court is directed to send to Plaintiff the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

6. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **July 17, 2020**: deadline to pay $50.00 administrative fee or file IFP motion.

3

7. Plaintiff is advised that no review of his claims will take place until the issue of payment of the administrative fee or Plaintiff's authorization to proceed IFP is resolved.

Dated this 17th day of June, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge