IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RAUL CALDERON,

Plaintiff,

vs.

DONALD J. TRUMP, and PETE RICKETTS,

Defendants.

**8:20CV183**

**MEMORANDUM AND ORDER**

This matter is before the court on its own motion. On June 17, 2020, the court ordered Plaintiff to pay the remaining $50.00 administrative fee or file a motion for leave to proceed IFP within 30 days or face dismissal of this action. To date, Plaintiff has not paid the fee, submitted a request for leave to proceed in forma pauperis, or taken any other action in this matter.

Moreover, the court determines that this matter should be dismissed pursuant to 28 U.S.C. § 1915A, which requires the court to review prisoner complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Here, Plaintiff filed a 26-page Complaint that is rambling and disjointed and does not comply with Federal Rule of Civil Procedure 8, which states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's primary complaint is that he is "literally being 'hid' in a segregation cell being held hostage against my will, abused and

getting injected with drugs, being denied access to the court or ability to retain counsel . . . and subjected to a degree of ex-communication" in violation of his constitutional rights. (Filing 1 at CM/ECF p. 23.) As relief, Plaintiff seeks the grant of a writ for habeas corpus in his pending habeas proceeding, 4:20CV3044,[1] and damages in the amount of "One (1) Billion dollars." (*Id.* at CM/ECF p. 25.) However, Plaintiff fails to allege any facts to show that the only named Defendants, Donald J. Trump and Governor Pete Ricketts, had any personal involvement in the alleged misconduct. *See White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017) ("To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation.").

In addition, Plaintiff's claims for monetary damages against Defendants are barred by sovereign immunity. Because Plaintiff has not "expressly and unambiguously" alleged that Defendants are sued in their individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). With respect to Governor Ricketts, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). There is no indication that Nebraska waived or Congress overrode immunity here.

---

[1] The court notes that a motion for summary judgment has been filed by the Respondent in Plaintiff's pending habeas action and Plaintiff's brief in opposition to that motion is due on or before September 2, 2020. (*See* Docket Sheet, Case No. 4:20CV3044.)

Likewise, any claim against President Donald J. Trump in his official capacity is a claim against the United States. *Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993). "Sovereign immunity bars claims against federal officials in their official capacity unless a waiver is unequivocally expressed by Congress." *Id*. With respect to constitutional tort claims for damages brought against the United States or its agencies, Congress has not waived sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994). Thus, Plaintiff cannot recover against the United States on his claims because the federal government and its agencies are immune from any such suit. *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982) ("*Bivens* and its progeny do not waive sovereign immunity for actions against the United States; it implies a cause of action only against federal officials.").

Finally, the court cannot grant Plaintiff's requests for injunctive relief seeking release from custody. The United States Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). "He must seek federal habeas corpus relief (or appropriate state relief) instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). This line of cases establishes that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id*. at 81–82 (emphasis omitted). A § 1983 action cannot be maintained until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice because Plaintiff failed to prosecute it diligently and failed to comply with this court's orders and because the Complaint fails to state a claim upon which relief may be granted. This dismissal will count as one "strike" for purposes of 28 U.S.C. § 1915(g).

2. The court will enter judgment by a separate document.

Dated this 26th day of August, 2020.

BY THE COURT:

Richard G. Kopf

Richard G. Kopf
Senior United States District Judge